UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ORIGINAL

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Civil File No. 02-0366 PAM/SRN

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

VANDERWERF CONSTRUCTION, INC.,

Defendant.

This matter was heard before the undersigned on the 25th day of April 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Defendant Vanderwerf Construction, Inc. (hereinafter "Vanderwerf") was served with a Summons and Complaint in this matter on February 14, 2002.

2. Defendant has failed to file and serve an Answer to the Summons and Complaint.

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide,



FILED APR 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 25 2002
DEPUTY CLERK

among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, as the administrative agent designated by the Trustees.

4. Defendant accepted and agreed to be bound to the Collective Bargaining Agreement between the Outstate Builders and Twin Ports Contractors Association and Laborers Local #1091. The Agreement obligates Defendant, as employers, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

5. The Agreement also requires the employers, such as Defendant, to submit payroll and employment records for audit by the Plaintiffs, to determine its compliance with the reporting obligations.

6. Defendant Vanderwerf produced a set of records for the period of May 2000 through April 2001. The Funds determined that contributions in the amount of $10,269.63 is due for that period.

7. The Collective Bargaining Agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions. The liquidated damages for the audit totals $1,026.96.

8. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action. The attorney fees and costs total $755.08.

9. The interest charges on the unpaid contributions total $817.27.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant owes at least $12,113.86 for contributions, liquidated damages, and interest for the audit period of May 2000 through April 2001.

3. Defendant owes $755.08 for attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment against Defendant Vanderwerf in the amount of $12,868.94.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 25, 2002

BY THE COURT

The Honorable Paul A. Magnuson
Judge of District Court